UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                    Case No. 20-CR-26

YOUSEF O. BARASNEH,

      Defendant.

## PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the unopposed motion of the government, pursuant to Fed. R. Crim. P. 16(d), **IT IS HEREBY ORDERED**:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by the defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendant and defendant's counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed directly to assist in the defense, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons").

3. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the materials in any form, including electronically, except as necessary for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

4. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

6. Upon conclusion of all stages of this case, except as noted below, <u>all</u> of the materials and <u>all</u> copies made thereof in any form shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file in a password-protected electronic format. Any materials concerning undercover law enforcement operatives must be returned to the United States. The defendant may not retain any discovery materials in any form. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

7. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials. Sensitive information, to include any information associated with

confidential informants or undercover law enforcement employees (including identities and aliases), contained in any discovery material shall be redacted if the discovery material is filed with this Court. If it is necessary for the Court to review such information contained within the discovery materials or a description thereof, such filing shall be made under seal.

8. Nothing contained in this Order shall preclude any party from applying to this Court for relief or for modification of any provision hereof.

SO ORDERED this 7th day of February, 2020.

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge
