UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes

| | |
|---|---|
| DATE: | August 12, 2020 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 2020-cr-26 |
| CASE NAME: | United States of America v. Yousef Barasneh |
| NATURE OF HEARING: | Change of Plea |
| APPEARANCES: | Benjamin Proctor – Attorney for the government |
| | John Campion – Attorney for the defendant |
| | Yousef Barasneh – Defendant |
| | James Fetherston - US Probation |
| COURTROOM DEPUTY: | Kristine Wrobel |
| TIME: | 8:35 a.m. – 9:26 a.m. |
| HEARING: | Sentencing set for November 23, 2020 at 1:30 p.m. |

## AUDIO OF THIS HEARING AT DKT. NO. 34

The court ensured that the defendant and his lawyer consented to the court conducting the change of plea hearing by videoconference. The court noted that it was conducting the change of plea hearing by videoconference under the CARES Act and General Order 20-17 and found that any further delay would harm the interests of justice.

The court had scheduled this hearing because the defendant had expressed his desire to change his plea. The court noted that the parties had filed the plea agreement on July 17, 2020. The plea agreement called for the defendant to plead guilty to Count One, conspiracy with other persons to injure, oppress, threaten, and intimidate non-white and Jewish citizens of the United States in the free exercise and enjoyment of the right secured by the Constitution and laws of the United States, to hold and use real and personal property in the same manner as that right is enjoyed by white citizens, as guaranteed by Title 42, U.S.C. §1982. The court placed the defendant under oath, reviewed the plea agreement with him, and questioned the defendant.

The court recounted that Count One involved a maximum prison term of ten years, a maximum fine of $250,000, and a maximum of three years of supervised release. There was a mandatory special assessment of $100.

After the defendant had answered all of the court's questions, the court found that the defendant understood his trial rights, the penalties associated with the charge, the possible civil ramifications of a conviction, and the uncertainty of his ultimate sentence. The court also found that the defendant entered the plea knowingly and voluntarily, without threats or promises. The court accepted the defendant's plea of guilty and found the defendant guilty of the offense charged in the indictment.

Because the parties had waived the Rule 32 deadlines in the plea agreement, the court scheduled a sentencing date for November 23, 2020 at 1:30 P.M. by videoconference. The probation office will disclose the PSR by October 23, 2020 with any objections due by November 6, 2020. Any sentencing memoranda or other documents (such as letters) are due by November 16, 2020. The probation office will file the revised presentence report at least seven (7) days prior to the date of the sentencing hearing.

The government did not oppose allowing the defendant to remain on bond until sentencing. The court explained to the defendant that he now had been convicted of federal offenses, which meant that the court would have less flexibility in dealing with violations of bond between now and the sentencing date.