# UNITED STATES DISTRICT COURT
## EASTERN DISTICT OF WISCONSIN

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | Case Number: 2020-cr-26-PP<br>USM Number: 17235-089 |
| Yousef Barasneh | <u>John Campion</u>    <u>Benjamin Proctor</u><br>Defendant's Attorney    Assistant United States Attorney |

THE DEFENDANT pled guilty to Count One of the indictment. The court adjudicates him guilty of this offense:

| Title & Section | Nature of Offense | Date Concluded | Count(s) |
|---|---|---|---|
| 18 U.S.C. §241 | Conspiracy against rights | 9/23/2019 | 1 |

The court sentences the defendant as provided in this judgment.  The court imposes the sentence under the Sentencing Reform Act of 1984.

The court ORDERS that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the Court and the United States Attorney of material changes in economic circumstances.

Date Sentence Imposed:  April 16, 2024

Hon. Pamela Pepper
Chief Judge, United States District Court

Date Judgment Entered:  April 22, 2024

DEFENDANT:  Yousef Barasneh
CASE NUMBER:  2020-cr-26-PP

# PROBATION

The defendant is hereby sentenced to probation for a term of **two (2) years**.

The defendant shall not commit another federal, state or local crime.  The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.
☒ The defendant shall not own, possess, or have under the defendant's control a firearm, ammunition, destructive device or dangerous weapon.
☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer.
☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.
☐ The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## CONDITIONS OF SUPERVISION

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must not illegally possess any controlled substance. The defendant must refrain from any unlawful use of controlled substance. The defendant must submit to one drug test within 15 days of release and two tests within one year from the commencement of supervision;
3. Unless directed otherwise by the probation officer, the defendant must report to the probation office in the federal judicial district where the defendant resides within 72 hours of release from imprisonment;
4. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed;
5. The defendant must not own, possess, or have under the defendant's control a firearm, ammunition, destructive device, or dangerous weapon;
6. The defendant must not knowingly leave the federal judicial district without first getting permission from the court or the probation officer;
7. The defendant must follow the instructions of the probation officer designed to make sure the defendant complies with the conditions of supervision;
8. The defendant must answer truthfully the questions asked by the probation officer related to the conditions of supervision subject to his Fifth Amendment right against self-incrimination;
9. The defendant must work full-time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses the defendant from doing so. If the

defendant does not have full-time employment, the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where he works or anything about his work (such as position or job responsibilities), the defendant must tell the probation officer at least ten calendar days before the change. If telling the probation officer in advance is not possible due to unanticipated circumstances, the defendant must tell the probation officer within 72 hours of the change;

10. The defendant must live at a place approved by the probation officer. If the defendant plans to change where the defendant lives or anything about the defendant's living arrangements (such as the people the defendant lives with), the defendant must tell the probation officer at least ten calendar days before the change. If telling the probation officer in advance is not possible due to unanticipated circumstances, the defendant must tell the probation officer within 72 hours of the change;
11. If the defendant knows someone is committing a crime, or is planning to commit a crime, the defendant must not knowingly communicate or interact with the person in any way;
12. The defendant must allow the probation officer to visit the defendant at reasonable times, at home or other reasonable locations, and the defendant must permit the probation officer to take any items prohibited by the conditions of supervision that the probation officer observes in plain view;
13. If the defendant is arrested or questioned by any law enforcement officer, the defendant must notify the probation officer within 72 hours;
14. The defendant must not make any agreement with a law enforcement agency to as an informer or a special agent without first getting the permission of the court;
15. The defendant must participate in the Cognitive Intervention Program, if available, and under the guidance and supervision of his supervision probation officer;
16. The defendant must perform 150 hours of community service, preferably with an organization that works to combat hate crimes or to build bridges between people. The defendant must work with his counsel and his probation officer to identify an appropriate organization, and defense counsel must notify the court of the organization so that the court can determine whether to approve it;
17. Within 180 days of the sentencing hearing, the defendant must meet at least once with members of a Jewish congregation—either members of the Beth Israel Sinai Congregation (if those members are willing to meet with him) or another synagogue, for the purpose of the defendant getting to know the congregation members and learn more about them and their faith. The defendant must provide his probation officer with proof that he has participated in such a meeting; and
18. Within 120 days of the sentencing hearing, the defendant must make an appointment to meet with Judge Pepper.

DEFENDANT: Yousef Barasneh
CASE NUMBER: 2020-cr-26-PP

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the attached page.

| **Total Special Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| **$100.00** | **$Waived** | **$None** |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

| **PAYEE** | **AMOUNT** |
|---|---|
| **TOTAL:** | |

If a defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ Restitution amount ordered pursuant to plea agreement: $_____.

☐ The defendant must pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that the interest requirement is waived for the ☐ fine ☐ restitution.

\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: Yousef Barasneh
CASE NUMBER: 2020-cr-26-PP

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The defendant's obligation to pay the $100 special assessment balance begins immediately.

The defendant must make payments toward the remaining balance of the special assessment obligation of no less than $25 per month, until paid in full, to start thirty days after the date of sentencing.

The defendant must make all criminal monetary penalty payments, except any payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) special assessment and (2) costs, including cost of prosecution and court costs.